UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANDERSON THAMES,

            Plaintiffs,

v.

CH REALTY MANAGEMENT LLC, and CHAIM NASH,

            Defendants.

Index No.:

**COMPLAINT**

**JURT TRIAL DEMANDED**

---

Plaintiff Anderson Thames ("Plaintiff"), by and through his undersigned counsel, alleges for his Complaint as follows:

## NATURE OF ACTION

1. Plaintiff brings this action to recover damages for Defendants' violations of the Fair Labor Standards Act (the "FLSA") §§ 201, *et. seq.*, 215, *et seq.*, and under the New York Labor Law (the "NYLL"), §§ 190, *et. seq.*, §§ 215, *et seq.* §§ 650, *et. seq.*, and its supporting regulations 12 NYCRR § 142-2.1 and 142-2.2.

2. Defendants misclassified Plaintiff as an exempt employee and as such failed to pay Plaintiff a minimum wage for all hours worked and for overtime of time and one-half his regular rate of pay for all hours worked over forty (40) in a week. In addition, Plaintiff was fired in retaliation to his numerous complaints about not being paid all of his wages.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. §201, *et seq.*

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the NYLL

claims because those claims derive from a common nucleus of operative fact.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

6. Plaintiff, Anderson Thames, resides in Brooklyn, New York.

7. Defendant CH Realty Management LLC ("CH Realty") employed Plaintiff. Defendant CH maintains and operates multiple buildings throughout the Eastern District of New York.

8. Defendant Chaim Nash ("Nash") is the Owner of Defendant CH Realty. Upon information and belief, Defendant Nash resides in New York State. Upon information and belief, Defendant Nash has had control over Plaintiff's working conditions, over the unlawful policies alleged herein, and over payroll decisions, and record keeping. As such, by virtue of Defendant Nash's management and control over the wages and work of Plaintiff, Defendant Nash is classified as an "employer" of Plaintiff under the FLSA and NYLL. As such, Defendants CH Realty and Nash jointly employed the Plaintiff.

## FACTUAL ALLEGATIONS

9. Plaintiff began his employment with Defendants in or around the Summer of 2006 as a Superintendant for Defendants' building located at 743 Crown St., Brooklyn, NY. As a result of his exemplary work performance, Defendants assigned Plaintiff, over the course of Plaintiff's employment, to be the Superintendant at ten (10) additional buildings. In addition to the Crown St. location, Plaintiff was also the Superintendant for the following locations from in or around Christmas of 2006 until the end of his employment with Defendants: 1212 Lincoln

Place, Brooklyn, NY; 1399 St. John's Place, Brooklyn, NY; 1320 St. John's Place, Brooklyn, NY; 574 Empire Blvd. Brooklyn, NY; 1795 Union St., Brooklyn, NY; 700 Crown St., Brooklyn, NY; 680 Crown St., Brooklyn, NY; 149 129th St., Ozone Park, NY; and another building located on 126th St. in Ozone Park, NY. In addition, during in or around the Summer of 2008, Plaintiff also became the Superintendant for Defendants at 1198 Carroll St., Brooklyn, NY.

10. Throughout his entire employment with Defendants, Plaintiff was misclassified as an exempt employee. Plaintiff was paid a salary of $550 per week and was required to work an average of 70-80 hours per week. By way of example, during the week of April 14, 2014, Plaintiff was required to work at all eleven (11) buildings for a total of approximately eighty (80) hours during the week. Plaintiff never received any overtime pay of time and one-half his regular rate of pay for any hours worked over forty (40) in a week.

11. As a Superintendant employed by Defendants, Plaintiff's job duties consisted of basic manual work, such as plumbing, electric, and working with sheetrock. Plaintiff had no authority to hire employees, fire employees, discipline employees, supervise employees, direct work of other employees, and/or set hours of other employees.

12. Starting in or around the Summer of 2008, Plaintiff made numerous complaints to Haskell Wasserman, Defendants' Manager, about not receiving all of his wages. Plaintiff's most recent complaint came in or around February of 2013.

13. Shortly thereafter, on or about April 24, 2013, Plaintiff's employment with Defendants was terminated in retaliation to his many complaints about the non-payment of his wages.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGES

14. The preceding paragraphs are incorporated by reference as if fully set forth herein.

15. At all relevant times, Defendants have been, and continue to be, "employers," within the meaning of the FLSA, 29 U.S.C. § 203.

16. The FLSA, 29 U.S.C. §206 requires each covered employer such as Defendants to pay a minimum wage of $7.25 for all hours worked.

17. As such, Plaintiff was entitled to be paid the minimum wage for all hours worked. Defendants, however, failed to pay Plaintiff the minimum wage for all hours worked.

18. By failing to compensate Plaintiff a minimum wage for all hours worked, Defendants have violated the FLSA, 29 U.S.C. § 201, *et seq.*

19. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

20. Plaintiff seeks damages in the amount of his unpaid minimum wages, liquidated damages, attorney's fees, costs, interest, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

21. The preceding paragraphs are incorporated by reference as if fully set forth herein.

22. At all relevant times, Defendants have been, and continue to be, "employers," within the meaning of the FLSA, 29 U.S.C. § 203.

23. The FLSA requires each covered employer such as Defendants to compensate all

non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

24. As such, Plaintiff was entitled to be paid overtime compensation of time and one-half his regular rate of pay for all hours worked over forty (40) in a week. Defendants, however, failed to pay Plaintiff time and one-half his regular rate of pay for all hours worked over forty (40) in a week.

25. By failing to compensate Plaintiff at time and one half his regular rate of pay for all hours worked over forty (40) in a week, Defendants have violated the FLSA, 29 U.S.C. § 201, *et seq.*

26. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

27. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages, interest, attorney's fees, costs, and such other legal and equitable relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT – RETALIATION

28. The preceding paragraphs are incorporated by reference as if fully set forth herein.

29. Plaintiff made numerous complaints to Defendants about not being paid his wages.

30. These complaints by Plaintiff constituted protected activity under the FLSA, 29 U.S.C. §215(a)(3).

31. Shortly after Plaintiff engaged in this protected activity, on or about April 24, 2013, Defendants terminated his employment in retaliation for his complaints of violations of the

FLSA and related wage and hour laws.

32. By and through the Defendants' course of conduct as alleged above, Defendants violated the FLSA, 29 U.S.C. §215(a)(3), by terminating Plaintiff's employment on or about April 24, 2013 in retaliation against Plaintiff because he opposed Defendants' unlawful conduct of not paying Plaintiff all of his wages.

33. Plaintiff has been damaged in amounts to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW – MINIMUM WAGE

34. The preceding paragraphs are incorporated by reference as if fully set forth herein.

35. Plaintiff was only paid $550 per week, despite being required to work approximately seventy (70) – eighty (80) hours per week. As a result, Defendants failed to pay Plaintiff the minimum wages for each hour worked to which he was entitled under the New York Labor Law and the supporting New York State Department of Labor regulations.

36. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiff.

37. Defendants were required to pay Plaintiff a minimum wage at a rate of $7.25 per hour for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 142-2.1.

38. Defendants were not authorized by Plaintiff to withhold, divert, or deduct any portion of his unpaid wages which are the subject of this lawsuit.

39. By Defendants' knowing or intentional failure to pay Plaintiff minimum hourly wages, Defendants have willfully violated the New York Labor Law §§ 190 *et seq.*, 191, 193,

6

198, and New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to, the regulations in 12 -N.Y.C.R.R. § 142-2.1.

40. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, attorneys' fees, costs, liquidated damages, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LABOR LAW – UNPAID OVERTIME

41. The preceding paragraphs are incorporated by reference as if fully set forth herein.

42. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations 12 NYCRR 142-2.2 apply to Defendants and protect Plaintiff.

43. Defendants have failed to pay Plaintiff overtime wages to which he is entitled under the New York Labor Law and the supporting New York State Department of Labor Regulations.

44. By Defendants' knowing and/or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week, Defendants have willfully violated New York Labor Law §§ 190, *et. seq.*, 191, 193, 198, New York Labor Law §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

45. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendant his unpaid overtime wages, liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LABOR LAW – RETALIATION

46. The preceding paragraphs are incorporated by reference as if fully set forth

7

herein.

47. By and through their course of conduct, Defendant and their agents violated New York State Labor Law §§215 *et seq.* by retaliating against Plaintiff and terminating his employment due to his complaints to Defendants about not being paid all of his wages.

48. As required by New York State Labor Law §§215 *et seq.*, notice hereof has been served upon the Attorney General of the State of New York.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Court:

    (a) accepts jurisdiction over this matter;

    (b) impanels and charges a jury with respect to the causes of action; and,

    (c) awards the following damages jointly and severally against the Defendants:

        i. An award to Plaintiff of damages for the amount of unpaid wages, including minimum and overtime wages, in addition to interest;

        ii. An award to Plaintiff of liquidated damages, reasonable attorneys' fees and costs;

        iii. An award to Plaintiff of lost back pay and front pay, and all benefits as well as compensatory damages for emotional pain and suffering and physical injury; and

        iv. An award to Plaintiff of any other relief which this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues so triable.

Dated:    Roslyn, New York
            January 27, 2014

                    Respectfully submitted,

                    THE LAW FIRM OF
                    LOUIS GINSBERG, P.C.

By: _____
      Matthew Cohen, Esq. (MC-2595)
      1613 Northern Boulevard
      Roslyn, N.Y. 11576
      (516) 625-0105
      *Attorneys for Plaintiff*